UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LUIS MARTIN HERNANDEZ | § | |
| | § | |
| | § | |
| VS. | § | CASE NO. 5:23-cv-01539 |
| | § | |
| JORDAN CARRIERS, INC and | § | |
| JATRAVIOUS GERMAINE TISDOM | § | |

**ORIGINAL COMPLAINT AND JURY DEMAND**

Plaintiff, LUIS MARTIN HERNANDEZ ("Plaintiff"), files this Original Complaint and Jury Demand for causes of action against Defendants JORDAN CARRIERS, INC and JATRAVIOUS GERMAINE TISDOM (collectively "Defendants") and would show the Court as follows:

**I. PARTIES AND SERVICE**

1. Plaintiff, Luis Martin Hernandez, is an individual who is a resident and citizen of Port Arthur, Jefferson County, Texas.

2. Defendant Jordan Carriers, Inc. ("Carriers") is a Mississippi corporation maintaining its principal place of business in Mississippi. This Defendant may be served through its registered agent, Charles Kenneth Jordan, Jr. at the following address: 170 Highway 61 S, Natchez, Mississippi 39120, or wherever he may be found. Plaintiff requests a summons.

3. Defendant, Jatravious Germaine Tisdom, ("Tisdom") is an individual who is a resident and citizen of Shreveport, Caddo Parish, Louisiana. He may be served with process at his home at the following address: 2001 Sherringham Court, Shreveport, Louisiana 71118, or wherever he may be found. Plaintiff requests a summons.

1

## II. JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1332, in that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and because there is a complete diversity of citizenship between Plaintiff and Defendants.

5.     Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## III. FACTS

6.     On or about December 19, 2022, Defendant Tisdom was traveling eastbound on US Highway 190 in Robertson County, Texas, in a tractor-trailer owned by and operated for Defendant Carriers. At the subject location, US Highway 190 is a two-way, undivided highway, with marked lanes, a center turning lane, and a graded curve. The weather was cloudy, the conditions were dark and not lighted, and the road surface was wet.

7.     At that same time, Plaintiff was driving his vehicle westbound on US Highway 190.

8.     Defendant Tisdom, suddenly and without warning, began to make an unsafe U-turn from the eastbound lanes to change course westbound on US Highway 190.

9.     Because of Defendant Tisdom's illegal and unsafe U-turn, a severe collision occurred between Plaintiff's vehicle and Defendant Tisdom's tractor-trailer.

10.     Plaintiff did nothing to cause the occurrence or his resulting injuries.

11.     The Investigating Officer that responded to the scene determined that Defendant Tisdom's actions were the sole contributing factor to the crash and issued him a citation for turning when unsafe in violation of Tex. Transp. Code § 545.103.

12. At all relevant times herein, Defendant Tisdom was employed by Defendant Carriers and was acting within the course and scope of his employment as a truck driver for said company.

13. The collision occurred as a direct and proximate result of Defendants' negligence and Plaintiff was forced to incur substantial bodily injuries and damages.

## IV. NEGLIGENCE AGAINST DEFENDANT JATRAVIOUS GERMAINE TISDOM

14. Plaintiff incorporates all other paragraphs by reference here fully.

15. Plaintiff would show that Defendant Tisdom was the driver of a commercial vehicle operated for profit. Defendant Tisdom had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

16. Plaintiff's injuries were proximately caused by Defendant Tisdom's negligent and careless disregard of this duty and is therefore liable to Plaintiff for negligence for the following non-exhaustive acts and/or omissions:

    a. Failing to maintain a proper lookout;

    b. Failing to yield the right of way;

    c. Failing to turn his vehicle safely;

    d. Failing to maintain alertness;

    e. Failing to take evasive action;

    f. Driving while distracted;

    g. Driving while fatigued,

    h. Failing to comply with the Texas Commercial Motor Vehicle Driver Handbook

    i. Violating Texas Transportation code § 545.103;

  j. Failing to use care that would have been exercised by a person of ordinary prudence under the same or similar circumstances; and

  k. Other acts of negligence and/or gross negligence, which will be established as the case progresses.

17. One, some, or all of the foregoing acts and/or omissions or others on this part of Defendant Tisdom constituted negligence and such negligence was a proximate cause of the incident in question and Plaintiff's injuries and damages.

## V. VICARIOUS LIABILITY AGAINST DEFENDANT JORDAN CARRIERS, INC.

18. Plaintiff incorporates all other paragraphs by reference here fully.

19. At the time of the occurrence of the act in question and immediately prior thereto, Defendant Tisdom was within the course and scope of employment of, was engaged in the furtherance of the business of, was engaged in accomplishing a task for which he was employed by, and/or was a statutory employee of Defendant Carriers.

20. Therefore, under the doctrine of *respondeat superior*, Defendant Carriers is vicariously liable to Plaintiff for Defendant Tisdom's negligent conduct, further outlined above and incorporated by reference here fully.

## VI. NEGLIGENT HIRING, TRAINING, SUPERVISION, RETENTION, AND ENTRUSTMENT AGAINST DEFENDANT JORDAN CARRIERS, INC.

21. Plaintiff incorporates all other paragraphs by reference here fully.

22. Defendant Carriers owed a duty to Plaintiff to use ordinary care in hiring, training, supervising, and retaining Defendant Tisdom. Defendant Carriers further owed a duty to Plaintiff to use ordinary care in entrusting the vehicle to Defendant Tisdom. Defendant Carriers knew or should have known that Defendant Tisdom was unfit, incompetent, and/or reckless and that his employment created an unreasonable risk of harm to Plaintiff and others. Defendant Carriers failed

to use ordinary care in hiring, training, supervising, and retaining Defendant Tisdom and entrusting the vehicle to him. Defendant Carriers committed an actionable tort by negligently operating the vehicle and proximately causing the collision in question, as further outlined above and incorporated by reference here fully.

23. Because Defendant Tisdom's negligence was the proximate cause of Plaintiff's damages, and Defendant Carriers negligently hired, trained, supervised, retained, and entrusted him with the vehicle involved in the collision in question, Defendant Carriers is liable to Plaintiff.

## VII. GROSS NEGLIGENCE AGAINST ALL DEFENDANTS

24. Plaintiff incorporates all other paragraphs by reference here fully.

25. The acts and/or omissions described above, when viewed from Defendants' standpoint, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of this risk, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

26. Plaintiff would further show that the injuries and damages that Plaintiff sustained in the incident in question were caused by the gross negligence of Defendants acting by and through their employees, agents, drivers, officers, and representatives in the course of employment for said Defendants.

27. Plaintiff would further show that Defendant Carriers ratified its agent's gross negligence and/or failed to repudiate its agent's gross negligence and/or was grossly negligent in hiring or entrusting the vehicle to an unfit agent.

28. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## VIII.  DAMAGES

29. As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past.

30. Plaintiff respectfully requests that the trier of fact determine the amount of his damages and losses that he has incurred in the past and future, as well as the monetary value of these damages, which include, but are not limited to:

   a. Physical pain and suffering in the past and future;

   b. Mental anguish in the past and future;

   c. Reasonable and necessary cost of medical care and treatment in the past and future;

   d. Physical impairment and disfigurement in the past and future;

   e. Lost earning capacity in the past and future;

   f. Pre-judgment and post-judgment interest; and

   g. Exemplary damages.

31. Plaintiff seeks monetary relief over $75,000.00.

## IX. JURY TRIAL DEMAND

32. Plaintiff hereby demands trial by jury of all issues here and hereby tenders the appropriate fee.

## X. CONCLUSION & PRAYER

For the foregoing reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and, upon a final hearing of the cause, judgment be entered for Plaintiff and against Defendants for:

a. Actual damages above the jurisdictional minimum of the Court, further outlined above;

b. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

c. All costs of court;

d. Exemplary damages; and

e. All other relief to which Plaintiff is justly entitled.

Respectfully submitted,

**KHERKHER GARCIA, LLP**

By: */s/ Steve Kherkher*
   Steve Kherkher
   State Bar No. 11375950
   Omar R. Chawdhary
   State Bar No. 24082807
   2925 Richmond Ave., Suite 1560
   Houston, Texas 77098
   (713) 333-1030
   (713) 333-1029 Fax
   **Service: SKherkher-Team@KherkherGarcia.com**

**ATTORNEYS FOR PLAINTIFF**